IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  03-493-01 |
| RAFAEL RIVERA-CRESPO | : | |

ORDER & MEMORANDUM

O R D E R

**AND NOW**, this 11th day of April 2008, upon consideration of Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 47, filed March 6, 2008); the Opposition of the United States to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 51, filed March 20, 2008); and the Reply to Government's Response in Opposition to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 55, filed April 1, 2008), and following a hearing on the motion on April 3, 2008, for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED.**

MEMORANDUM

**I.  INTRODUCTION**

On March 15, 2005, the Court sentenced defendant Rafael Rivera-Crespo to 84 months imprisonment for possession with intent to distribute more than 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute more than 50 grams of cocaine base ("crack") within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a).  Presently before the Court is defendant's Motion to Reduce Sentence Pursuant to 18

U.S.C. § 3582(c)(2). The Motion is based on a retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), Amendment 706, which reduced the sentencing ranges applicable to crack cocaine offenses. See U.S.S.G. Supp. to App'x C, Amend. 706; U.S.S.G. § 1B1.10(c). Defendant contends that, under 18 U.S.C. § 3582(c)(2), his sentence should be reduced because it was based on a sentencing range that has "subsequently been lowered." See 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the Court denies the Motion.

## II. BACKGROUND

Defendant was sentenced on March 15, 2005. At sentencing, the Court first calculated defendant's Guidelines sentencing range under the November 2002 Guidelines Manual, which was used due to *ex post facto* issues. The Guidelines section applicable to defendant's crack cocaine offenses was U.S.S.G. § 2D1.1. The base offense level for the crimes committed by defendant was 34. After reduction of the base offense level by three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), defendant's total offense level was determined to be 31. With a total offense level of 31 and a Criminal History Category of II, defendant's Guideline imprisonment range was 121 to 151 months. However, because of a statutory mandatory minimum sentence of 240 months on the two counts of conviction, defendant's Guideline sentence became 240 months. See U.S.S.G. § 5G1.1(b).[1]

Prior to sentencing, the government filed a motion for a downward departure from the Guidelines sentencing range under U.S.S.G. § 5K1.1, and for a departure from the mandatory

---

[1] Section 5G1.1(b) of the Sentencing Guidelines states: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

minimum sentence under 18 U.S.C. § 3553(e), on the basis of defendant's substantial assistance to the government. In its sentencing memorandum, the government recommended that the Court impose a sentence of 151 months, due to the "seriousness of defendant's . . . conduct and [defendant's] criminal recidivism." (Gov't Sentencing Mem. unnumbered 2.) The Court rejected the government's recommendation and, instead, sentenced defendant to 84 months imprisonment.

### III. DISCUSSION

#### A. Legal Standard

Section 3582(c)(2) of the United States Code permits a court to modify a defendant's term of imprisonment where a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Application Notes to U.S.S.G. § 1B1.10 state that a reduction in the defendant's sentence is not authorized under § 3582(c)(2) and "is not consistent with this policy statement if . . . (ii) an amendment [to the Guideline range] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 Application Note 1(A).

#### B. Was Defendant's Sentence "Based On" a Sentencing Range That Has Been Lowered by the Sentencing Commission?

Defendant argues that he is entitled to a reduction of his sentence under § 3582(c)(2) because his sentence was "based," *at least in part*, on a "sentencing range that has subsequently

been lowered by the Sentencing Commission." 18 U.S.C § 3582(c)(2). Specifically, defendant claims that the Court considered his original Guidelines range in reaching a final decision on his sentence, and that that range was lowered when the Sentencing Commission passed, and made retroactive, Amendment 706. See U.S.S.G. Supp. to App'x C, Amend. 706; U.S.S.G. §§ 1B1.10 and 2D1.1; see also United States v. Rivera, --- F. Supp. 2d ----, 2008 WL 576764, at *1-2 (E.D. Pa. Mar. 3, 2008) (discussing crack cocaine amendments to Guidelines).

Defendant's argument proceeds as follows: Once the Court granted the government's motion for a downward departure under § 5K1.1 and § 3553(e), the statutory mandatory minium sentence was "waived." (Def.'s Mem. in Supp. of Mot. to Reduce Sentence 8). Defendant's "waiver" argument is based on U.S.S.G. § 2D1.1 cmt. n.7, which states that a "mandatory minimum sentence may be 'waived' and a lower sentence imposed (including a downward departure) . . . by reason of a defendant's substantial assistance" to the government. Upon "waiver" of the mandatory minimum sentence, defendant argues that "the ordinary Guidelines range, as well as any number of other factors," again became relevant to the Court's determination of his sentence. (Def.'s Reply Br. 3.)

In support of this waiver argument, defendant notes that the sentence recommended by the government was 151 months, the high end of his Guidelines range. (Hr'g Tr. 16, April 3, 2008) ("[T]he government went straight to the guidelines range in recommending a sentence to the Court.") Defendant contends that as a result of the government's reference to the Guidelines range, the range necessarily formed a basis for the Court's sentence. (Def.'s Reply Br. 3); (Hr'g Tr. 18) ("It would have been procedurally unreasonable for the Court not to consider [the government's recommendation] and once that happens it becomes a basis for the ultimate sentence.")

On a more general level, defendant asserts that where a statutory mandatory minimum sentence has been "waived" by operation of a downward departure, courts "often . . . base[]" a defendant's sentence on the otherwise applicable Guidelines range, among other things. (Hr'g Tr. 13.)[2] Defendant makes this argument despite United States v. Cordero, 313 F.3d 161, 166 (3d Cir. 2002), in which the Third Circuit held that where a § 3553(e) motion is granted, the "mandatory period of incarceration is not 'waived.' Rather, it subsumes and displaces the otherwise applicable guideline range and . . . becomes the starting point for any departure . . . ." Id. at 165-166. Notwithstanding the Cordero court's statement that the Guidelines range is "subsume[d] and displace[d]," defendant avers that "[a]ll Cordero says is that the mandatory-minimum sentence must be the *starting point* . . . [T]he original Guidelines range may also be one of the bases for the sentence imposed." (Def.'s Reply Br. 4) (emphasis in original).

For this argument, defendant relies principally on United States v. Casiano, 113 F.3d 420 (3d Cir. 1997). In Casiano, the Third Circuit held that it was not an abuse of discretion for a district court to consider the seriousness of the offense and the impact on the victim in limiting the extent of a § 5K1.1 departure. Id. at 431. Defendant avers that Casiano supports his argument because "seriousness of the offense is really just another way of referring to the guidelines range." (Hr'g Tr. 15.) The Guidelines range, he argues, "reflects the Commission's estimation of the seriousness of the offense, and thus it is necessarily a relevant consideration in determining how much of a departure below the mandatory minimum sentence is warranted." (Def.'s Reply Br. 3.) While other circuits restrict district courts to considering only substantial

---

[2] At the motion hearing, defense counsel stated that the Guidelines are a "logical place to go" in determining a sentence because the ranges suggested by the Guidelines are "prox[ies] for the seriousness of the offense." (Hr'g Tr. 19.)

5

assistance to the government and no other factors in departing downward from a mandatory minimum sentence, see, e.g., United States v. Williams, 474 F.3d 1130, 1131 (8th Cir. 2007), defendant contends that "this circuit . . . permits the Court to consider the guidelines range." (Hr'g Tr. 16.)

Finally, defendant argues that public policy considerations militate in his favor, as do certain statements and other writings of the Commission or its staff. (Def.'s Mem. in Supp. of Mot. to Reduce Sentence 9-14.) In the event that the Court finds these considerations and factors to be unpersuasive, defendant asks the Court to apply the Rule of Lenity in his favor.[3]

In response to defendant's arguments, the government asserts that defendant is not entitled to any reduction under § 3582(c)(2) because his sentence was not based on a Guidelines range at all, but rather on the statutory mandatory minimum sentence. Citing Cordero, the government argues defendant's Guideline range was "subsumed and displaced by the mandatory minimum sentence." (Hr'g Tr. 32.)[4] Therefore, the government avers that any amendments to the Guidelines have no impact on defendant's sentence because the range was simply a non-factor in the Court's ultimate sentence. (Gov't's Br. in Opp'n 6-7.) Under the facts of this case, the Court agrees.

The key question in this case is whether defendant's sentence was "based on a sentencing

---

[3] Under the rule of lenity, courts resolve statutory ambiguities in favor of the defendant. See United States v. Introcaso, 506 F.3d 260, 261 (3d Cir. 2007). However, lenity is reserved for "those situations in which a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute." United States v. R.L.C., 503 U.S. 291, 305 (1992) (internal citations and quotations omitted).

[4] Put another way, the government asserts that in the face of a statutory minimum, the Guideline range became "ineffective." (Hr'g Tr. 30.)

range that has . . . been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court concludes that defendant's sentence was not based on any such "sentencing range." To the contrary, defendant's sentence was based on the mandatory minimum sentence of 240 months because, under U.S.S.G. § 5G1.1(b), it became the Guidelines sentence. In determining the extent of the departure from that mandatory minimum sentence, the Court considered all of the cooperation-related factors identified in U.S.S.G. § 5K1.1, the seriousness of the offense, and the other sentencing factors specified in 18 U.S.C. § 3553(a). The Court would have imposed the same sentence had the current Guidelines been in place at the time of defendant's sentencing.

As to defendant's argument that because the government recommended that he be sentenced to 151 months, the high end of defendant's Guideline range, the Court must have considered the Guidelines range at sentencing, the short answer is that the Court did not do so. The Court expressly rejected the government's recommended sentence, and instead imposed a sentence of 84 months imprisonment. (Sentencing Hr'g Tr. 37, Mar. 17, 2005.) Thus, even if the government intended to link defendant's sentence to the Guidelines range – and it is not clear that it did – it cannot be said that the Guidelines sentencing range formed a basis for the Court's ultimate sentence. For this reason, defendant's argument under § 3582(c)(2) fails.

Additionally, the Court finds Application Note 1(A) to U.S.S.G. § 1B1.10 to be instructive. As noted above, Note 1(A) states that a reduction in the defendant's sentence is not authorized under § 3582(c)(2) and is not consistent with the Guidelines where an amendment to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision *(e.g., a statutory mandatory minimum term of imprisonment)*." U.S.S.G. § 1B1.10 Application Note 1(A) (emphasis added).

The language of the Note, and in particular the Commission's choice of example, make clear that where, as in this case, because of the operation of a statutory mandatory minimum sentence, a defendant's sentencing range is not lowered, the defendant is not entitled to the benefit of the retroactive amendment.

While it is correct that Note 1(A) is silent on the effect of a downward departure, that silence does not alter the outcome of this case. Ultimately, what matters is whether defendant's sentence was "based on" a Guidelines sentencing range that was subsequently lowered. Defendant's sentence was not based on such a range but rather on the statutory mandatory minimum sentence and the value and extent of his cooperation, the seriousness of the offense, and the other § 3553(a) factors. Thus, defendant does not qualify for relief under § 3582(c)(2).

The Court notes that under different circumstances, a defendant subject to a mandatory minimum sentence who received downward departure might be eligible for a sentence reduction under the amended Guidelines. For example, where a defendant's Guideline sentencing range *exceeds* the statutory mandatory minimum sentence, the starting point for a downward departure is generally considered to be the low end of the sentencing range or, if not, some other point within the sentencing range. Under those circumstances, the defendant's sentence is "based on" the Guidelines sentencing range. If that sentencing range is lowered, as with the retroactive amendment at issue in this case, a defendant would be entitled to a reduction in his sentence. In this case, however, defendant's Guideline sentencing range fell below the mandatory minimum sentence and, thus, under Cordero, the original Guideline sentencing range was "subsume[d] and displace[d]." Id., 313 F.3d at 166.

Finally, the Court does not find § 3582(c)(2) to be ambiguous so as to require application of

the Rule of Lenity in this case.  See Muscarello v. United States, 524 U.S. 125 (1998) (rule applies only where there is a "grievous ambiguity or uncertainty in the statute") (internal quotations and citations omitted).  The plain language of the statute and common meaning of its terms provide sufficient guidance to the Court.  For the same reason, there is no need to address any other statements of the Commission staff argued by the defendant.

## IV.  CONCLUSION

Because defendant's sentence was not "based on a sentencing range that has . . . been lowered by the Sentencing Commission," he is not eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).  For this reason, the Court denies defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).


**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**

**JAN E. DUBOIS**, **J**.